ZIEGLER *v.* CHAPIN *et al.*

*(Supreme Court, Special Term, Kings County. February, 1890.)*

EQUITY—PRACTICE—AWARDING ISSUES.

   Where a large number of issues will arise in an action by a tax-payer to enjoin the purchase of property by a city, on the ground that it is a waste of public funds, a court of equity, in the exercise of its discretion, will not submit questions of fact arising on the pleadings to the determination of a jury.

Action by William Ziegler, a tax-payer of the city of Brooklyn, to enjoin Alfred C. Chapin, mayor, Theodore F. Jackson, comptroller, and Thomas B. Rutan, auditor, of said city, from purchasing the property and franchises of the Long Island Water Supply Company, on the ground that such purchase would be a waste of the public funds. Plaintiff now moves for the submission to a jury of 50 questions of fact, alleged to arise on the pleadings. See, also, 13 N. Y. Supp. 783.

*William J. Gaynor,* for plaintiff. *Albert F. Jenks,* for defendants Chapin, Jackson, and Rutan. *Thomas E. Pearsall,* for Long Island Water-Supply Co.

CULLEN, J., (*orally.*) I am entirely clear as to what disposition should be made of this case. Of course it is a mere question of discretion. It is the same as in the old chancery practice. The court framed issues that should be tried by a jury. That was done only in a certain class of cases, and it was done for a purpose,—done because the court really believed that the verdict of the jury would be better than its own. You take an action involving forgery, a question of the legitimacy or illegitimacy of a child, or the legality of a marriage contract; the verdict of a jury is thought to be better than that of any court. The court might even desire to gain what is good, by having its own judgment confirmed by the judgment of the jury. But I think that has no application to a case like this. The ultimate responsibility in determining this case rests upon the court. The verdict of the jury would not be conclusive. In fact, you could not enter the verdict until you moved to confirm it, and the court could give judgment the other way. Here are a vast number of issues. Some of them present questions of fact sharply defined; others do not. There are questions of law that will constantly arise in this case, and will make the court determine the relevancy and materiality of some of these issues. The trial judge before the jury would be powerless. The

court does not share in the feeling for a moment that newspaper articles will affect a jury. I think the jury would be fully as independent and free from prejudice in passing upon this case as the court. The determination of this case must rest upon the judge. He must decide it. It seems to me that it would be a mere evasion of justice to send this case to a jury. I think this case should be tried before a court. The motion is therefore denied.